CONROY et al. v. CARLIN et al.

(Supreme Court, Appellate Term. November 24, 1905.)

SET-OFF AND COUNTERCLAIM—CONTRACT—DISCONTINUANCE OF PERFORMANCE.

Where, subsequent to the making of a contract between plaintiffs and defendants for the plastering by plaintiffs of a certain building, defendants accepted plaintiffs' proposition to substitute at an increased price a different style of corners from those originally agreed on, the later agreement became part of the original contract, and defendants were entitled to set off against plaintiffs' claim for a balance due the amount necessarily spent by them in completing the work on plaintiffs' discontinuance thereof.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by James Conroy and another against Patrick J. Carlin and others. Judgment for plaintiffs, and defendants appeal. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

M. F. McGoldrick, for appellants.

J. P. Donellan, for respondents.

PER CURIAM. The judgment seems to be against the weight of evidence. On or about May 6, 1904, plaintiffs entered into a contract with defendants to do all the plastering on the Glackner Building, corner of Fulton and Greenwich streets, in this city, according to certain plans and specifications, for the sum of $1,100. On May 25th the plaintiffs tendered a proposal to furnish bull-nose plaster corners, in place of the metal corners specified in the original contract, for the sum of $250. Defendants accepted this proposition on June 9th. By the terms of the original contract the plaintiffs were to be paid sums, not exceeding 80 per cent. of the value of the work, during the progress of the work, and the balance 30 days after completion. On July 28th plaintiffs were paid $700, and on September 9th $400 more, making $1,100; the amount of the original contract, not including the $250 extra for the substitution of bull-nose plaster corners for metal corners under the subsequent agreement of June 9th. About October 27th the plaintiffs discontinued work on the building, and on November 8th defendants employed other mechanics to finish same at a cost of $226.42, and they offer judgment for $23.58.

It seems to us that the contract of June 9th was part and parcel of the contract of May 6th, merely altering the same as to certain details of the work and increasing the expense of the work to defendants by $250 over the amount called for in the contract of May 6th. By the amendment of June 9th the amount to be paid by defendants was increased from $1,100 to $1,350. Of this plaintiffs have been paid $1,100, leaving a balance due of $250, had plaintiffs completed the entire work. This they did not do, and defendants could properly offset against plaintiffs' claim the amount they necessarily spent in completing the work.

Judgment must be reversed, and a new trial granted, with costs to abide the event.